KING, Circuit Judge:
I write to briefly explain my decision to participate in the disposition of this petition for rehearing en banc. As my financial disclosure reports reflect, I own stock in Time Warner Inc., the parent company of certain corporate amici supporting intervenor Risen, a prospective prosecution witness. Nevertheless, I have determined that my recusal is not required, in that the outcome of these proceedings cannot sub *294 stantially affect my financial interest in Time Warner, and I otherwise discern no reasonable basis to question my impartiality. See Code of Conduct for U.S. Judges Canon 3(C)(1)(c) (“A judge shall disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned, including but not limited to instances in which ... the judge ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding!.]”); see also Comm, on Codes of Conduct Advisory Op. No. 63 (June 2009) (“[I]f an interest in an amicus would not be substantially affected by the outcome, and if the judge’s impartiality might not otherwise reasonably be questioned, stock ownership in an amicus is not per se a disqualification.”).
Indeed, I have concluded that my recusal in these circumstances is not only unnecessary, but inadvisable. Put simply, it could adversely impact our judicial system by inspiring a form of “judge shopping” accomplished by corporate amici being enlisted on the basis of the stock ownership interests of judges. There being no question that they can perform impartially, judges should not be so readily relieved of their solemn obligation to faithfully discharge their duties.
BARBARA MILANO KEENAN, Circuit Judge:
I am participating in the Court’s consideration of the petition for rehearing en banc in this matter, despite my ownership of stock in Time Warner, Inc., which owns several companies that are amici in this case. For the reasons well stated by my good colleague Judge King, I have concluded that my recusal in this proceeding is neither required nor advisable.